BERNARD TURPIN v. JEAN MAURY.

Where it is sought to deprive an insolvent debtor of the benefit of the laws in favor of insolvent debtors, on account of alleged frauds committed by the insolvent, the specific acts of fraud alleged must be clearly established.

APPEAL from the Sixth District Court of New Orleans, Howell, J. G. Schmidt, for appellant. Sheldon & Purdee, for appellee.

HYMAN, C. J. In this case the plaintiff, a judgment creditor of the defendant, forced him, under an order of Court, to surrender his property to his creditors.

Plaintiff was selected by the creditors as their syndic, and he (as a creditor and as syndic) filed his written opposition to the surrender made by defendant, specifying therein several acts of fraud committed by defendant on his creditors. He prayed that the defendant be arrested; that he be deprived of the benefit of the laws in favor of insolvent debtors, and that he be sentenced to imprisonment for three years.

The defendant was arrested by order of Court, granted on the prayer of plaintiff for his arrest.

The several acts of fraud specially charged, are :

That defendant had concealed his commercial books and papers, with the intention of keeping them from his creditors, and thus preventing the creditors from acquiring a knowledge of his affairs. That he had fraudulently concealed a large portion of his property, with the intention of keeping it from his creditors, to wit : $5,250, which he received on 27th

August, 1863, by the sale of his confectionery establishment, and also the proceeds of some goods sold by him in Matamoras.

That he had placed a fictitious claim on his schedule of $7,000.

Trial by jury was waived, and the charges of fraud were tried by the Judge, who rendered a judgment for defendant, and ordered that he be released from custody.

From this judgment plaintiff has appealed.

We agree with the District Judge, that not one of the acts of fraud charged to have been committed by defendant on his creditors was proven; but plaintiff contends that there was evidence adduced of an act of fraud perpetrated by the defendant on his creditors, different from those charged, and which, he contends, subjects the defendant to three years' imprisonment.

The District Judge was not satisfied that there was proof of any act of fraud committed by defendant on his creditors.

In examining the evidence, we have not come to a conclusion different from that of the Judge.

Let the judgment be affirmed, the plaintiff to pay the costs of appeal.